IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE LOWELL SATTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-1312 |
| | ) | |
| | ) | |
| CONSOL PENNSYLVANIA COAL | ) | |
| COMPANY, BAILEY MINE (CONSOL | ) | |
| ENERGY, INC.) | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

CONTI, District Judge

Pending before the court are two motions: (1) a motion filed by defendant Consol

Pennsylvania Coal Company, Bailey Mine (Consol Energy, Inc.) ("defendant" or "Consol") to

dismiss the complaint of plaintiff Jesse Lowell Satterfield ("plaintiff" or "Satterfield") for failure

to state a claim and to strike plaintiff's claim for punitive damages (Doc. No. 24) ("defendant's

motion"); and (2) a motion filed by plaintiff for leave to file a supplemental complaint (Doc. No.

28) ("plaintiff's motion").

Previously in the course of this civil action, plaintiff filed a twice-amended complaint

(Doc. No. 13) alleging that defendant violated the Age Discrimination in Employment Act, 29

U.S.C. §§ 621 et seq. (the "ADEA"), and the Fifth and Fourteenth Amendments to the

Constitution of the United States (Doc. No. 13). In response to this second amended complaint,

defendant filed a motion to dismiss for failure to state a claim (Doc. No. 15). On March 31,

2005, upon consideration of defendant's motion to dismiss, plaintiff's response, and accompanying pleadings by both parties, the court entered an order (the "March 31, 2005 Order") dismissing without prejudice one of plaintiff's ADEA claims, the overtime claim, and dismissing with prejudice plaintiff's remaining claims.

Specifically, the court dismissed with prejudice plaintiff's ADEA claims other than his overtime claim as time-barred[1] and dismissed with prejudice plaintiff's Fifth and Fourteenth Amendment claims for failure to state a claim.[2] The court, however, to the extent permitted by law, dismissed plaintiff's overtime claim without prejudice and provided plaintiff the opportunity to file a new complaint relating to his overtime claim within thirty days of the date of the order.

As set forth in more detail herein, the court will grant defendant's motion to dismiss the May 2, 2005 complaint and grant plaintiff's motion for leave to file a supplemental complaint, treating plaintiff's heretofore filed "Supplemental Complaint" as a new complaint for the reasons set forth herein.

_____

[1]In plaintiff's second amended complaint, he alleged that the following four actions of the defendant constituted discriminatory treatment under the ADEA: (1) defendant did not hire plaintiff to the mine electrician/mechanic position in July 2002; (2) defendant did not hire plaintiff to the shuttle car operator position in August 2002; (3) defendant failed to execute plaintiff's affidavit of employment in February and March 2003; and (4) defendant did not offer plaintiff overtime between July 2003 until March 22, 1004 while offering such employment to younger employees.

[2]With respect to plaintiff's Fifth and Fourteenth Amendment claims, plaintiff plead facts showing he is not entitled to relief. That is, plaintiff's twice-amended complaint stated that defendant is a private corporation, and that the events complained of involve only actions of the defendant in the employment relationship. These facts defeat the required element of the Fifth and Fourteenth Amendment claims that a defendant acted under color of law.

**I. Defendant's motion to dismiss and to strike the claim for punitive damages**

Plaintiff's complaint filed on May 2, 2005 [3] (plaintiff's "May 2, 2005 complaint") alleges

essentially the same claims that were alleged in his second amended complaint, including the

overtime claim that was dismissed without prejudice, and adds a new claim for hostile work

environment.  In addition, in this complaint, plaintiff argues that claims that are otherwise time-

barred are properly before this court as a part of a "continuing violation" whose course extended

within the statutory period.  Defendant argues in response that many of plaintiff's claims in the

May 2, 2005 complaint have been dismissed with prejudice and should be dismissed on the basis

of *res judicata*; that plaintiff's overtime claim is legally defective because plaintiff commenced

his civil action prior to filing the charge of a discrimination and therefore did not exhaust his

administrative remedies with respect to that claim and time-barred because the May 2, 2005

complaint was filed more than 90 days after the EEOC's dismissal of his charge; and that

plaintiff's hostile work environment claims are invalid as outside the scope of the charge of

discrimination.  In addition, defendant moves to strike plaintiff's prayer for relief in the form of

punitive damages.  The court addresses these issues in turn.


*Facts Accepted As True for Purposes of Deciding the Motion to Dismiss*

Defendant is a private Delaware corporation registered to do business in the

Commonwealth of Pennsylvania.  Pl.'s May 2, 2005 Compl. ¶2.  Plaintiff Jesse Lowell

Satterfield has been employed since March 2001 by defendant at Bailey Mine in Greene County,

---

[3]Plaintiff's new complaint is date-stamped by the clerk of courts for this district
as filed on May 2, 2005, dated by plaintiff as submitted April 30, 2005, and referred to by
defendant in its motion to dismiss as filed on April 28, 2005 and April 30, 2005
variously.  The court will consider the new complaint to have been filed on May 2, 2005.

Pennsylvania.  Id. ¶19.[4]  Plaintiff previously was employed by defendant at Four States Mine from December 5, 1973 through September 16, 1984 at which time that mine closed and plaintiff was laid off.  Id.  Plaintiff's seniority within the company dates back to December 5, 1973.  Id.

In July 2002, defendant posted job vacancies for at least five mine electrician positions. Id. ¶ 21.  Plaintiff applied for these positions.  Id.  Plaintiff alleges that he was the only applicant for the positions.  Id.  Defendant did not hire plaintiff for any of these positions.  Id.  Plaintiff alleges that he is more qualified than the two individuals that defendant temporarily selected for the mine electrician/mechanic positions, and that these individuals are younger than plaintiff and did not have current electrical cards when temporarily assigned to the positions.  Id.  On August 28, 2002, defendant posted another job vacancy for the position of shuttle car operator.  Id. ¶ 22. Plaintiff applied for the position but was not hired.  Id.  On October 7, 2002, plaintiff learned that defendant had hired another individual who was 34 years of age for the position.  Id.

Several months later, in February 2003, plaintiff visited defendant's human resources office and requested that defendant execute an affidavit of employment on plaintiff's behalf which was required for plaintiff's application to take the Pennsylvania mine official examination.  Id. ¶23.  On March 17, 2003, plaintiff submitted by certified mail a second request to defendant requesting that defendant execute the affidavit of employment; however, on March 19, 2003, defendant's supervisor of human resources returned the affidavit of employment to plaintiff unexecuted.  Id.  Subsequently, plaintiff's application was denied by the Pennsylvania

_____

[4]Plaintiff's May 2, 2005 complaint does not state plaintiff's current position with defendant.  Nor does the May 2, 2005 complaint state plaintiff's age, although later-filed pleadings do state plaintiff's age.  Because defendant has not raised an issue with respect to plaintiff's age for purposes of the motion to dismiss, the court will assume for purposes of the motion to dismiss that plaintiff is over 40 years of age.

Department of Environmental Protection, Bureau of Deep Mine Safety, allegedly on the ground that his affidavit of employment was not executed.  Id. ¶24.  In April 2003 plaintiff received from the Pennsylvania Department of Deep Mine Safety information that defendant had executed affidavits of employment for other individuals employed by defendant, and plaintiff alleges that most of these employees are "comparatively younger" than plaintiff.  Id. ¶25.

Plaintiff further alleges that he was never scheduled for daily overtime between July 2003 and March 22, 2004, despite the fact that the other employees on plaintiff's shift, most of whom are "relatively younger" than plaintiff, were scheduled to work daily overtime.  Id. ¶ 15.

Finally, plaintiff alleges that since being employed by defendant he has been subjected to unwanted and unwarranted verbal abuse in the workplace including behavior in violation of company rules prohibiting the use of profane, obscene, or threatening language or conduct towards subordinates and fellow employees.  Id. ¶20.

### *Standard of Review*

A motion to dismiss tests the legal sufficiency of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits.  Rather, when considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and views them in a light most favorable to the plaintiff.  U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).  The pleader is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist."  Kost, 1 F.3d at 183 (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)).  A motion to dismiss will only be granted if it appears that the plaintiff can

prove no set of facts in support of his claims which would entitle him to relief.  Id.  Moreover, the court is under a duty to examine the complaint independently to determine if the factual allegations set forth could provide relief under any viable legal theory.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While this court is mindful that *pro se* plaintiffs are not held to as high of a standard as litigants that are represented by counsel, a *pro se* plaintiff must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure. McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. . . ."); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, plaintiff, even though he is *pro se*, must set forth sufficient information that would allow the court to infer that, accepting plaintiff's allegations as true, defendant violated plaintiff's federal rights.  Kost 1, F.3d at 183.

The Federal Rules of Civil Procedure do not require the plaintiff to set out in his complaint the specific facts that entitle him to relief, but rather only a "short and plain statement of the claim."  FED. RULE CIV. P. 8(a)(2).  Where the plaintiff's complaint, however, pleads facts beyond the requirements of Rule 8, his claim may be subject to dismissal if the specific facts alleged fail to provide relief under any viable legal theory.  Camero v. Kostos, 253 F. Supp. 331, 338 (D.N.J. 1966) (granting motion to dismiss where plaintiff's complaint pled facts demonstrating defendant was subject to immunity).  If the plaintiff's complaint does plead specific facts, those facts, taken as true for purposes of deciding the motion to dismiss, may create a defense to his claim. Id.; see ALA, Inc. v. CCAir, Inc., 29 F.3d 855, 859 (3d Cir. 1994); 5 Charles Allen Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1226 (3d ed.

2004).  In fact, where the plaintiff "chooses to plead particulars, and they show that he has no claim, then he is out of luck – he has pleaded himself out of court."  <u>Jefferson v. Ambroz</u>, 90 F.3d 1291, 1296 (7th Cir. 1996).  With these standards in mind, the court will examine plaintiff's claims.

### *Discussion*

### A. Plaintiff's Claims in the May 2, 2005 Complaint Other Than the Overtime and the Hostile Work Environment Claims

Defendant argues in its motion to dismiss that plaintiff's ADEA claims and Fifth and Fourteenth Amendment claims which were already dismissed with prejudice by this court should be dismissed at present on *res judicata* grounds.  "For claim preclusion to apply, there must have been '[1] a final judgment on the merits in [2] a prior suit involving the same parties or their privies, and [3] a subsequent suit based on the same cause of action.'" <u>Selkridge v. United of Omaha Life Ins. Co.</u>, 360 F.3d 155, 172 (3d Cir. 2004) (quoting <u>General Elec. Co. v. Deutz Ag</u>, 270 F.3d 144, 158 (3d Cir.2001)). "'If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded.'" <u>Id.</u> (quoting <u>CoreStates Bank, N.A. v. Huls America, Inc.</u>, 176 F.3d 187, 194 (3d Cir.1999)).  Defendant is correct that plaintiff's ADEA claims predicated on the allegations that defendant did not hire plaintiff to the mine electrician/mechanic position in July 2002, did not hire plaintiff to the shuttle car operator position in August 2002, and failed to execute plaintiff's affidavit of employment in February and March 2003, as well as plaintiff's Fifth and Fourteenth Amendment claims, must be dismissed as precluded.

First, this court's March 31, 2005 Order dismissing these claims with prejudice was a

final judgment on the merits of these claims.  "It is well settled that a dismissal with prejudice . . . acts as a judgment on the merits in favor of the dismissed defendant. . . ."  Interdigital Technology Corp. v. OKI America, Inc., 866 F.Supp. 212, 213 (E.D.Pa.,1994) (citations omitted).  Second, plaintiff's claims in the May 2, 2005 complaint involve the same parties as those involved in the dismissal of these claims in plaintiff's second amended complaint.  Finally, these claims in the May 2, 2005 complaint are based on the same causes of action that were contained in the second amended complaint.  Accordingly, plaintiff's ADEA claims and Fifth and Fourteenth Amendment claims alleged in the May 2, 2005 complaint which were already dismissed with prejudice by this court are herewith dismissed with prejudice on *res judicata* grounds.

**B. Plaintiff's Overtime Claim**

Plaintiff's overtime claim alleged in the May 2, 2005 complaint, though dismissed without prejudice by this court in the March 31, 2005 Order, fails for at least two reasons.  First, with respect to that claim, plaintiff failed to exhaust his administrative remedies prior to the commencement of this civil action.  Second, plaintiff's claim is time barred because the May 2, 2005 complaint was filed more than 90 days after the EEOC's dismissal of plaintiff's charge and plaintiff gives no equitable explanation for not filing anything with the court within the ADEA's 90-day statute of limitations.

As this court explained in the March 31, 2005 Order, it is well established that the filing of a timely EEOC charge is a prerequisite to invoking federal jurisdiction over an employment discrimination claim.  Krouse v. American Sterilizer Co., 984 F. Supp. 891, 913 (W.D. Pa. 1996).  The ADEA sets forth the following discrete timing requirements that must be satisfied prior to a plaintiff initiating a civil action for age discrimination:

> No civil action may be commenced by an individual under this section until *60 days after* a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed –
>
> > (1) within *180 days* after the alleged unlawful practice occurred; or
> >
> > (2) in a case to which section 633(b) of this title applies, within *300 days* after the alleged unlawful practice occurred, or within *30 days* after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
>
> Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(d) (emphasis added).

With respect to these requirements and plaintiff's overtime claim, plaintiff did file his overtime charge within the 300 day time-period set forth under section 626. Plaintiff, however, filed this civil action *prior* to filing the charge of discrimination with the EEOC. This failure to exhaust administrative remedies before commencing a civil action is jurisdictional and cannot be cured by plaintiff's May 2, 2005 complaint. See, e.g., Reynolds v. Solectron Global Services, 358 F.Supp.2d 688, 692 (W.D.Tenn. 2005) (holding that filing a charge of discrimination with the EEOC after filing a complaint, and amending the complaint to include the right-to-sue letter, does not cure the defect caused by filing the civil action before the charge of discrimination).

In addition, the May 2, 2005 complaint was filed more than 90 days after the EEOC's dismissal of plaintiff's charge and plaintiff gives no equitable explanation for not filing anything with the court within the ADEA's 90-day statute of limitations. Though this court dismissed plaintiff's overtime claim without prejudice, and allowed plaintiff to file a new complaint alleging the overtime claim, the court did so only to the extent provided by law. With respect to the May 2, 2005 complaint that is currently before the court, the complaint falls outside of the

9

ADEA's 90-day statute of limitations period within which an individual, after receiving notice of termination of administrative  proceedings, must bring suit.  Indeed, 320 days elapsed between the date that plaintiff received a letter constituting notice of the EEOC's dismissal of his charge of discrimination on June 16, 2004 and the date plaintiff filed his May 2, 2005 complaint.  While it is true that plaintiff was not merely resting on his laurels during this period, but rather was attempting to litigate these claims before this court based on a series of complaints filed *pro se* and filed prior to filing a charge of discrimination with the EEOC, plaintiff has given no equitable explanation for his failure to seek to amend his then-existing complaint within the 90-day period or his failure to institute a new lawsuit within that period.  See Scott v. Pennsylvania Dept. of Public Welfare, 2003 WL 22133799 at *6 (E.D.Pa. 2003) (reasoning that the ninety-day requirement for Title VII claims is not a jurisdictional prerequisite but instead is a statute of limitations that is therefore subject to equitable tolling) (citing Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 176 (3d Cir. 1999); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982)).

Accordingly, plaintiff's overtime claim alleged in the May 2, 2005 complaint is dismissed with prejudice.  Plaintiff failed to exhaust his administrative remedies with respect to this claim prior to the commencement of this civil action.  In addition, the claim is time barred because the May 2, 2005 complaint was filed more than 90 days after the EEOC's dismissal of plaintiff's charge and plaintiff gives no equitable explanation for not filing anything with the court within the ADEA's 90-day statute of limitations.

## C. Plaintiff's Hostile Work Environment Claim

Plaintiff's hostile work environment claim, asserted for the first time in this civil action in the May 2, 2005 complaint, fails because, among other things, it too suffers from the failure to

exhaust administrative remedies and time bar problems of the other claims alleged in the May 2, 2005 complaint, and because the charge of discrimination upon which the May 2, 2005 complaint is purportedly predicated fails to allege facts sufficient to support the hostile work environment claim.

That is, "[o]nce a discrimination charge has been filed, the scope of a judicial complaint is not limited to the four corners of the administrative charge." Duffy v. Massinari, 202 F.R.D. 437, 440 (E.D.Pa.,2001) (citing Love v. Pullman, 404 U.S. 522, 527 (1972; see Hicks v. ABT Assoc., Inc., 572 F.2d 960, 963 (3d Cir.1978); Doe v. Kohn, Nast & Graf, P.C., 866 F.Supp. 190, 195 (E.D.Pa.1994)). Instead, "[t]he parameters of a subsequent private action in the courts is defined by the scope of the investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (citing Hicks, 572 F.2d at 965). This legal analysis turns on "whether there is a close nexus between the facts supporting each claim or whether additional charges made in the judicial complaint may fairly be considered explanations of the original charge or growing out of it." Id. (citations omitted). Here, plaintiff alleged facts in that charge of discrimination regarding isolated incidents such as defendant's alleged refusal to execute plaintiff's affidavit of employment in order that plaintiff could take the Pennsylvania State Examination for Mine Officials and defendant's alleged refusal to offer plaintiff overtime while allegedly executing affidavits of employment and offering overtime for younger employees. See Def.'s Mot., Exhibit A ("May 25, 2004 EEOC charge"). Plaintiff, however, did not allege facts sufficient to support a claim for hostile work environment.

In addition, plaintiff's argument in the May 2, 2005 complaint that the doctrine of "continuing violations" brings the hostile work environment claim and the other previously dismissed claims before the court at this stage in the civil action is to no avail. "[T]he

11

'continuing violation doctrine' allows a plaintiff to pursue discrimination claims under the
ADEA for 'conduct that began prior to the filing period if he can demonstrate that the act is part
of an ongoing practice or pattern of discrimination of the defendant.'"  Horvath v. Rimtec Corp.,
102 F.Supp.2d 219, 230 (D.N.J.,2000) (quoting Rush v. Scott Specialty Gases, Inc., 113 F.3d
476, 480-81 (3d Cir.1997)).  See also Bostic v. AT&T of the Virgin Islands,166 F.Supp.2d 350,
356-58 (D.St.Thomas 2001); West v. Philadelphia Electric Co., 45 F.3d 744, 754-55 (3d Cir.
1995) "To make out a continuing violation, the plaintiff must show: (1) 'that at least one
discriminatory act occurred within the 300-day period'; and (2) that the discriminatory incidents
are 'more than the occurrence of isolated or sporadic acts of intentional discrimination' and are
instead 'a continuing pattern of discrimination.'"  Horvath, 102 F.Supp.2d at 230 (quoting Rush,
113 F.3d at 481)). Further, "[i]f a plaintiff meets these requirements, he may present evidence for
the 'entire continuing violation, and the 300-day filing period will not act as a bar.'"  Id.

Here, although plaintiff's overtime claim occurred within the 300-day filing period, that
claim is faulty for the reasons stated above and is hereby being dismissed by this court with
prejudice.  As such, the court does not need to reach the second stage of the continuing violation
doctrine analysis, whether the discriminatory incidents are isolated or sporadic acts of intentional
discrimination or instead a continuing pattern of discrimination.  Plaintiff cannot bootstrap the
hostile work environment claim to the overtime claim or the other claims already dismissed in
this civil action and therefore precluded because such claims are themselves faulty and therefore
are being dismissed by the court with prejudice.

**D. Plaintiff's Claim for Punitive Damages**

Because the court determined that plaintiff's claims in the May 2, 2005 complaint shall
be dismissed with prejudice, defendant's motion to strike plaintiff's claim for punitive damages

in the May 2, 2005 complaint is moot.[5]

## II. Plaintiff's motion for leave to file a supplemental complaint

Plaintiff's most recent attempt to bring his claims before this court differs markedly from his earlier attempts.  That is, with respect to plaintiff's motion for leave to file a supplemental complaint (Doc. No. 29) and the attached "Supplemental Complaint" (Doc. No. 29-2) (the "October 24, 2005 complaint"), plaintiff appears, at least with respect to some of the claims alleged therein, to have complied or come close to complying with the timing requirements that must be satisfied before a plaintiff may initiate a civil action for age discrimination under the ADEA.  See 29 U.S.C. §626(d).

Plaintiff filed a charge of discrimination with the EEOC on July 18, 2005 prior to filing the October 24, 2005 complaint.  In this charge of discrimination, plaintiff alleged some facts relating to certain of the claims previously dismissed, but plaintiff also alleged more recent factual allegations which fall within the 300-day period prescribed by the ADEA.  See Def. Opp. Br., Ex. 1 (the "July 18, 2005 charge").  For example, plaintiff alleges, among other things, retaliation and multiple examples of failure to promote.  In response to this EEOC charge,

_____

[5] As previously stated in the March 31, 2005 Order, the court notes that it is well established that punitive damages are not recoverable under the ADEA.  Tumolo v. Triangle Pacific Corp., 46 F.Supp.2d 410, 416 (E.D. Pa. 1999) ("As a matter of law, plaintiff is not entitled to recover punitive damages . . . under the ADEA.").  See also Karr v. Lower Merion Tp., 582 F.Supp. 410, 412-13 (E.D.Pa.1983) (concluding that "the clear weight of authority precludes, as a matter of law, punitive damages under the ADEA").  The ADEA does permit the award of liquidated damages, in an amount equal to any unpaid wages, upon a finding of a "willful violation" of the ADEA.  29 U.S.C. § 626(b).  The availability of liquidated damages precludes the award of punitive damages for violations of the ADEA.  Dean v. American Security Ins. Co., 559 F.2d 1036 (5th Cir. 1977) (holding that by providing liquidated damages without mentioning punitive damages, Congress meant to preclude punitive damages under the ADEA).

plaintiff received a letter dated September 16, 2005 from the EEOC notifying him that the EEOC was dismissing his case and any 90-day period applicable to this charge during which suit should be filed would begin upon his receipt of this notification of dismissal.  See Pl. Oct. 24, 2005 Comp., Ex. 1.  Plaintiff did not plead the date on which he received notification of this dismissal. Plaintiff's motion for leave to file a supplemental complaint is dated October 21, 2005—97 days after the date of the letter from the EEOC notifying him that the EEOC was dismissing his case. The supplemental complaint was filed by the clerk of courts on October 24, 2005 (hereinafter referred to as the "October 24, 2005 complaint").  The issue of timeliness of the new claims cannot be determined from the face of the October 24, 2005 complaint and thus would withstand a motion to dismiss raising that issue.

In light of the fact that plaintiff is proceeding *pro se*, and therefore subjected to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), and in light of the fact that plaintiff attempted to pursue his claims in compliance with the procedural requirements imposed by the ADEA, the court will regard the October 24, 2005 complaint as a new complaint and will grant plaintiff's motion for leave to file the October 24, 2005 complaint.

For purposes of clarification, the court will re-docket the October 24, 2005 complaint (previously attached as an exhibit to plaintiff's motion for leave to file a supplemental complaint) on the electronic docket sheet.  The October 24, 2005 complaint shall be deemed as filed as of October 24, 2005.  The court directs defendant to file an answer or other appropriate response to the complaint within twenty days of the entry of this order.

This ruling is without prejudice to the right of defendant to raise the issue of timeliness in a motion for summary judgment on a fully developed record filed pursuant to Rule 56 of the

Federal Rules of Civil Procedure.  For purposes of any motion filed by defendant, however, the complaint shall be deemed filed as of October 24, 2005.

### *Conclusion*

**AND NOW**, this 21st day of March 2006, upon consideration of the motion to dismiss the complaint (Doc. No. 24) filed by defendant Consol Pennsylvania Coal Company, Bailey Mine (Consol Energy, Inc.), **IT IS HEREBY ORDERED** that:

I.      Plaintiff's overtime claim under the ADEA is **DISMISSED WITH PREJUDICE**.

II.     Plaintiff's hostile work environment claim under the ADEA is **DISMISSED WITH PREJUDICE**.

III.    Plaintiff's remaining claims under the ADEA are **DISMISSED WITH PREJUDICE**.

IV.     Plaintiff's remaining claims under the Fifth Amendment and the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, upon consideration of the motion filed by plaintiff for leave to file a supplemental complaint (Doc. No. 28):

I.      Plaintiff's motion for leave to file a supplemental complaint is **GRANTED**.  For purposes of clarification, the court will re-docket the October 24, 2005 complaint (previously attached as an exhibit to plaintiff's motion for leave to file a supplemental complaint) on the electronic docket sheet.  The October 24, 2005 complaint shall be deemed as filed as of October 24, 2005.  As set forth above, claims previously dismissed with prejudice in this civil action cannot be reasserted and only the claims set forth in the

October 24, 2005 complaint, to the extent allowed by law, will remain.

III.   Defendant shall file an answer or other appropriate response to the October 24, 2005

complaint within twenty (20) days of the entry of this order.


By the court:


 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge


cc:      Jesse Lowell Satterfield
         Post Office Box 8
         471 West Roy E. Furman Highway
         Wind Ridge, PA 15380-0008

         Gordon W. Schmidt
         McGuire Woods
         625 Liberty Avenue
         23rd Floor, Dominion Tower
         Pittsburgh, PA 15222-3142