IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE LOWELL SATTERFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-1312 |
| ) | |
| ) | |
| CONSOL PENNSYLVANIA COAL ) | |
| COMPANY, BAILEY MINE (CONSOL ) | |
| ENERGY, INC.) ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court is a Motion to Alter or Amend the Order Dated March 21, 2006 That Granted Defendant's Motion to Dismiss (Doc. No. 36) filed by plaintiff Jesse Lowell Satterfield ("plaintiff"). Plaintiff's motion effectively is a motion for reconsideration (the "motion for reconsideration"). In his motion, plaintiff essentially attempts to relitigate issues he previously raised in the above-captioned action which were decided in the memorandum orders of this court dated March 21, 2006 (the "March 21, 2006 Order") and March 31, 2005 (the "March 31, 2005 Order").

In the March 31, 2005 Order, the court dismissed without prejudice one of plaintiff's ADEA claims—the overtime claim—and dismissed with prejudice plaintiff's remaining claims. Specifically, the court dismissed with prejudice plaintiff's ADEA claims that defendant did not hire plaintiff to the mine electrician/mechanic position in July 2002, did not hire plaintiff to the shuttle

car operator position in August 2002, and failed to execute plaintiff's affidavit of employment in February and March 2003 as time-barred and dismissed with prejudice plaintiff's Fifth and Fourteenth Amendment claims for failure to state a claim.[1]  The court, however, to the extent permitted by law, dismissed plaintiff's overtime claim without prejudice and provided plaintiff the opportunity to file a new complaint relating to his overtime claim within thirty days of the date of the order.

In the March 21, 2006 Order, the court granted defendant's motion to dismiss plaintiff's second amended complaint and dismissed with prejudice plaintiff's ADEA claims and Fifth and Fourteenth Amendment claims, plaintiff's overtime claim, and plaintiff's hostile work environment claim as more fully set forth in that order.  The court, however, granted plaintiff's motion for leave to file a supplemental complaint, accepted plaintiff's October 24, 2005 complaint (attached to plaintiff's motion for leave to file a supplemental complaint as the "Supplemental Complaint"), and directed defendant to file an answer or other appropriate response to the October 24, 2005 complaint within twenty days of the entry of the order.

By reason of plaintiff raising matters in the motion for reconsideration which have already been considered and decided by this court or which constitute harmless error, the motion for reconsideration will be denied.

---

[1] With respect to plaintiff's Fifth and Fourteenth Amendment claims, plaintiff plead facts showing he is not entitled to relief.  That is, plaintiff's twice-amended complaint stated that defendant is a private corporation, and that the events complained of involve only actions of defendant in the employment relationship.  These facts defeat the required element of the Fifth and Fourteenth Amendment claims that a defendant acted under color of law.

*Standard of Review*

A motion for reconsideration is granted only if one of three situations are shown: "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (4) the need to correct a clear error of law or to prevent manifest injustice." Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993).

> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided . . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly.

Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).

*Discussion*

Plaintiff argues that there are material issues of fact that make trial essential on the due process and equal protection claims, that the court did not fully consider plaintiff's legal arguments, and that the court made mistakes that require the court to amend its order granting defendant's motion to dismiss. Plaintiff fails to show the availability of new evidence not previously available or an intervening change in controlling law to support his motion for reconsideration. Plaintiff's motion for reconsideration, therefore, is best understood as premised on a need to correct a clear error of law or to prevent manifest injustice. Plaintiff, however, cannot meet this burden.

First, with respect to the claims raised in the supplemental complaint, plaintiff is correct that the court erred in computing the number of days between the date –- September 16, 2005–- that plaintiff received notification of the EEOC's dismissal of those charges (the "new claims") and the date that plaintiff filed his motion for leave to file a supplemental complaint and the supplemental

complaint — October 24, 2005. The court's mistake was in calculating that time period from the date plaintiff filed the EEOC charge instead of the date plaintiff received notification of its dismissal. The court, however, did not presume, as plaintiff argues, that plaintiff filed the October 24, 2005 supplemental complaint outside of the prescriptive ninety-day period. The court stated instead that the timeliness of the new claims could not be determined from the face of the pleadings. With respect to the new claims raised in the October 24, 2005 complaint, the court did not dismiss those claims. The court granted plaintiff's motion to file the supplemental complaint and required defendant to respond to that complaint. Defendant answered the supplemental complaint. Thus, any error by the court was harmless and plaintiff has no grounds for reconsideration with respect to the new claims.

Second, the error regarding the time period relating to the new claims cannot support plaintiff's motion for reconsideration relating to the other claims. The court's error in calculating the apparent number of days between the date that plaintiff received notification of the EEOC's dismissal of the new claims and the date plaintiff filed his October 24, 2005 complaint was not material to the court's analysis dismissing plaintiff's other claims. The computational error by the court, therefore, does not constitute a clear error of law or manifest injustice that supports plaintiff's motion for reconsideration of those claims.

Third, plaintiff's argument that the court should reconsider its dismissal of punitive damages is similarly without merit. Plaintiff argues in his motion for reconsideration that his claim for punitive damages is appropriate because punitive damages are recoverable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003, et. seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Plaintiff, however, acknowledges that punitive damages are not

recoverable under the Age Discrimination in Employment Act (the "ADEA"). Because plaintiff's claims in the October 24, 2005 complaint are asserted solely under the ADEA, <u>see</u> Oct. 24, 2005 Compl. at 6, plaintiff cannot now argue for the first time that his claims are brought pursuant to other statutory authority. Plaintiff's bare assertion in his motion for reconsideration that he pleaded his claims under the Civil Rights Act does not constitute new evidence not previously available, an intervening change in controlling law, or grounds for correcting a clear error of law or to prevent manifest injustice. The assertion, therefore, is not grounds for the court to reconsider its decisions set forth in earlier orders.

Finally, plaintiff's bare bones arguments that *res judicata* does not apply to the case at bar, that the continuing violations doctrine outweighs *res judicata* , as well as plaintiff's assertions that there was intentional discrimination that occurred against him do not present sufficient grounds for the court to reconsider its March 21, 2006 Order. Concerning the continuing violations doctrine, the court notes that the United States Court of Appeals for the Third Circuit recently clarified application of the continuing violations doctrine to hostile work environment claims in <u>O'Connor v. City of Newark</u>, 440 F.3d 125, 126-27 (3d Cir. 2006) (applying <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002)). The explication by the court of appeals in <u>O'Connor</u> supports this court's analysis of plaintiff's continuing violations argument set forth in the March 21, 2006 Order.

Plaintiff's motion essentially is an attempt to relitigate issues he previously raised in the above-captioned action which were decided in both the March 21, 2006 Order and the March 31, 2005 Order. There is no basis for the court to revisit these issues yet again. In light of the interest in finality, parties are not free to relitigate issues the court has already decided. For these reasons, plaintiff's motion for reconsideration shall be denied.

*Conclusion*

For the reasons set forth above, and in the March 31, 2005 Order and the March 21, 2006 Order entered in the above-captioned civil action, this motion for reconsideration shall be and hereby is **DENIED**.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
U.S. District Judge

Dated: April 11, 2006

cc: Counsel of record
  Jesse Lowell Satterfield
  Post Office Box 8
  Wind Ridge, PA 15380-0008